**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JAMES LESTER FORSIDE**                                                      **PETITIONER**

**v.**                                                            **No. 1:16CV202-SA-RP**

**STATE OF MISSISSIPPI**                                                      **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Lester Forside for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has not responded to the motion; the deadline to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

### Facts and Procedural Posture

James Forside is in the custody of the Mississippi Department of Corrections and is currently housed at the Bolivar County Correctional Facility in Cleveland, Mississippi. He pled guilty in the Circuit Court of Oktibbeha County to one count of burglary of a building. On April 28, 2015, the circuit court sentenced him as a habitual offender under Mississippi Code Annotated Section 99-19-81 to a term of seven years in the custody of the Mississippi Department of Corrections.

Forside filed a motion for post-conviction collateral relief (PCR) in the Oktibbeha County Circuit Court, which was dismissed on August 7, 2015. *See* Exhibit B[1] (Docket, First PCR motion, and Order of Dismissal in Oktibbeha County Circuit Court Cause No. 2005-0481-CVC). Rather than appealing the dismissal of the PCR motion to the Mississippi Supreme Court, Forside filed a successive PCR motion in the Oktibbeha County Circuit Court, which was dismissed on the merits on

_____

[1] The exhibits in the instant memorandum opinion refer to those found in the State's motion to dismiss.

November 9, 2015. *See* Exhibit C (Second PCR motion and Order of Dismissal in Oktibbeha County Circuit Court Cause No. 2005-0481-CVC). Again, rather than appealing the dismissal of the second PCR motion to the Mississippi Supreme Court, Forside filed two (2) more PCR motions in the Oktibbeha County Circuit Court. *See* Exhibit D (Third PCR motion in Oktibbeha County Circuit Court Cause No. 2005-0481-CVC); Exhibit E (Fourth PCR motion in Oktibbeha County Circuit Court Cause No. 2005-0481-CVC). Oktibbeha County Circuit Court Clerk's records reflect that these pleadings are currently pending in that court. *See* Exhibit B. The records of the Mississippi Supreme Court Clerk's Office show no appeal filed by Forside at this time.

### Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the state remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958

(5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

In the instant petition for a writ of *habeas corpus*, Forside challenges the circumstances surrounding his plea of guilty. He has not, however, exhausted those claims by giving the Mississippi Supreme Court the opportunity to review them. Once the Circuit Court rules on Forside's pending motions, he may appeal any adverse rulings to the Mississippi Supreme Court to exhaust his state court remedies. *See* Miss. Code Ann. § 99-39-25.

The petitioner still may pursue his current motions to conclusion in state court. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of June, 2017.

 **/s/ Sharion Aycock**
 **U.S. DISTRICT JUDGE**

- 3 -